CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 06 2017

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:03CR00109 |
|---|---|---|
|  | ) | (Civil Action No. 7:16CV81125) |
| v. | ) |  |
|  | ) | **FINAL ORDER** |
| ALPHONSO BUSTER GILBERT | ) |  |
|  | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

On August 11, 2004, Alphonso Buster Gilbert was found guilty of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), following a bench trial. A Presentence Investigation Report ("PSR") prepared in anticipation of sentencing recommended that he be classified as an armed career criminal under the Armed Career Criminal Act ("ACCA") because he had "three previous convictions for a violent felony or a serious drug offense, or both. . . ." (PSR ¶ 20, ECF No. 67.) The PSR relied on two prior drug convictions and a 1996 Virginia burglary conviction, Virginia Code § 18.2-91. (Id. ¶¶ 32, 34, 35.) With the ACCA enhancement, Gilbert faced a mandatory minimum sentence of 180 months' incarceration and a maximum term of five years of supervised release. 18 U.S.C. §§ 924(e)(1) and 3583(b). Without the ACCA enhancement, Gilbert would have been subject to a statutory maximum sentence of imprisonment of 120 months and a maximum term of supervised release of three years. 18 U.S.C. §§ 924(a)(2) and 3583(b).

On November 11, 2004, the court adopted the PSR and sentenced Gilbert to a statutory mandatory minimum sentence of 180 months' incarceration after concluding that he qualified as an armed career criminal. (Sent. Hr'g Trans. at 14-15, ECF No. 39.) The court also imposed a five-year term of supervised release.

Gilbert's conviction and sentence were affirmed on direct appeal. United States v. Gilbert, 430 F.3d 215, 220 (4th Cir. 2005). Gilbert filed four prior motions requesting relief, which the court construed as § 2255 petitions, all of which were denied. Gilbert v. United States, 7:063-cv-740, ECF No. 9, 10; United States v. Gilbert, 7:03-cr-109, ECF Nos. 52, 55, 61. Following Johnson v. United States, 135 S. Ct. 2551 (2015), Gilbert requested and was granted authorization from the Fourth Circuit to file a second or successive § 2255 motion. (Order at 1, ECF No. 70). Thereafter, he filed his current § 2255 motion on June 30, 2016. (ECF No. 71.) The government responded. (ECF No. 77.)

Under § 2255(h)(2), a defendant is entitled to relief on a second or successive § 2255 motion if he can show that his petition involves "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." As explained in the accompanying omnibus memorandum opinion, Johnson, which establishes a new and retroactively applicable rule of law, applies in Gilbert's case and renders his ACCA sentence unlawful. Although he was released from the custody of the Bureau of Prisons on July 28, 2016, he is still serving a term of supervised release. Because the term of supervised release imposed is greater than that authorized by 18 U.S.C. § 3583(b), Gilbert is entitled to relief under § 2255.

Accordingly, it is hereby

### ADJUDGED and ORDERED

as follows:

1. Gilbert's motion pursuant to 28 U.S.C. § 2255 (ECF No. 71) is **GRANTED**;
2. The government's motion to dismiss (ECF No. 77) is **DENIED**;

3. Gilbert shall be resentenced to a term of supervised release to terminate as of the date of entry of this order;

4. The Clerk is directed to prepare a new judgment reflecting a departure from United States Sentencing Guideline § 5D1.1 based on the unique circumstances of this case; and

5. Civil Action No. 7:16CV81125 shall be stricken from the court's active docket.

The Clerk is directed to send copies of this order and the accompanying omnibus memorandum opinion to the petitioner and all counsel of record.

**ENTER:** This 6th day of January, 2017.

_____
Chief United States District Judge